**NOT FOR PUBLICATION**                                                              **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BEVERLY ANN WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY MICHALS, M.D.,<br><br>Defendant. | Civil Action No. 12-4548 (JLL)<br><br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant Timothy Michals, M.D.'s motion to dismiss Plaintiff's Fourth Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket Entry No. 44]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons that follow, Defendant's motion to dismiss is **granted.** Plaintiff's Fourth Amended Complaint is dismissed in its entirety.

**BACKGROUND**[1]

Plaintiff's Fourth Amended Complaint was filed on July 8, 2013. This Court's jurisdiction is premised on 28 U.S.C. §§ 1331, 1367.

The Fourth Amended Complaint alleges that, on September 16, 2010, Defendant, Timothy Michals ("Michals"), was hired by the Jackson Lewis law firm to perform a forensic

---

[1] The Court accepts the following facts asserted in Plaintiff's Fourth Amended Complaint as true solely for purposes of this motion.

1

psychiatric evaluation on Plaintiff. (Fourth Am. Compl. at 1). Jackson Lewis law firm was representing Boehringer-Ingelheim Pharmaceuticals ("Boehringer") as defense counsel in a racial discrimination action brought by the Plaintiff. (*Id.* at 2). Plaintiff's allegations in this case arise out of Michals' evaluation of the Plaintiff and the report generated following the evaluation. (*Id.*).

The crux of the Fourth Amended Complaint is twofold: (1) that Dr. Michals was not a doctor licensed to practice medicine or to administer an MMPI in the state of New Jersey at the time he wrote the forensic report at issue, and (2) Dr. Michals' forensic report was comprised of fraudulent statements about the Plaintiff's medical condition and treatment.

In light of the foregoing, the Court construes Plaintiff's Fourth Amended Complaint as asserting the following three claims against Dr. Michals: (1) violation of 18 U.S.C. § 1341 (mail fraud), (2) violation of 18 U.S.C. § 1343 (wire fraud), and (3) common law fraud. It appears that Plaintiff has abandoned the claims contained in her Third Amended Complaint, namely: (1) civil rights violation pursuant to 42 U.S.C. § 1985(3); (2) sex discrimination in violation of Title VII; (3) aiding and abetting in connection with sex discrimination; (4) negligence; (5) defamation; (6) negligent infliction of emotional distress; and (7) intentional infliction of emotional distress. Such claims were dismissed, without prejudice, by the Court on June 7, 2013. In doing so, the Court afforded Plaintiff with an opportunity to cure the pleading deficiencies in said claims on or before July 1, 2013. Having failed to re-assert such claims and/or cure the pleading deficiencies in such claims, as addressed in the Court's June 7, 2013 Opinion, such claims are now dismissed *with* prejudice. *See* June 7, 2013 Opinion at 7-8 ("Plaintiff may file a Fourth Amended Complaint which cures the pleading deficiencies discussed above on or before July 1, 2013.

Plaintiff's failure to do so will result in dismissal of the Third Amended Complaint, *with prejudice*.").

Although the Court did not grant Plaintiff leave to include *new* claims in her Fourth Amended Complaint, in the interest of fairness, the Court will consider the plausibility of such claims in the context of Defendant Michals' pending motion to dismiss.

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

**DISCUSSION**

Defendant Michals now seeks dismissal of all claims asserted in Plaintiff's Fourth Amended Complaint on two grounds. First, Defendant urges the Court to dismiss the mail and wire fraud claims on the basis that 18 U.S.C. §§ 1341 and 1343, both of which are federal criminal statutes, do not provide for a private right of action. Second, Defendant urges the Court to decline to exercise supplemental jurisdiction over Plaintiff's common law fraud claim, the sole remaining claim in Plaintiff's Fourth Amended Complaint. Based on the reasons that follow, the Court agrees that Counts One and Two must be dismissed *with* prejudice and that judicial economy dictates that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law fraud claim.

**1.     Counts One and Two – 18 U.S.C. §§ 1341 and 1343**

There is no dispute that Plaintiff's "mail fraud claim" is premised upon 18 U.S.C. § 1341, or that 18 U.S.C. § 1341 is a federal criminal statute. There is also no dispute that Plaintiff's "wire fraud claim" is premised on 18 U.S.C. § 1343 or that 18 U.S.C. § 1343 is a federal criminal statute. Both claims, which are based on violations of federal criminal law, fail as a matter of law inasmuch as the federal statutes upon which they are based do not provide Plaintiff with a private cause of action. *See Jones v. TD Bank*, 468 Fed. Appx. 93, 94 (3d Cir. 2012) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so."); *Addlespurger v. Corbett*, 461 F. Appx. 82 (3d Cir.2012) ("[T]here is no private cause of action for a violation of the federal mail and wire fraud statutes"); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("We hold, therefore, that the district court correctly dismissed the Wisdoms' claims based on a

private right of action under 18 U.S.C. §§ 1341, 1343" inasmuch as there is no private right of action under the foregoing criminal statutes).

Counts One and Two of Plaintiff's Fourth Amended Complaint are therefore dismissed *with* prejudice. *See, e.g., Pennington v. Wells Fargo Bank, N.A.,* 2012 WL 5199257, at *3 (E.D. Pa. Oct. 19, 2012) (dismissing with prejudice claims for violation of, *inter alia*, 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud) and noting that "I reject all claims based on alleged violations of federal criminal law. The federal statutes that the Penningtons cite do not provide them with a private cause of action.").

### 2. Count Three – Common Law Fraud

To the extent Count Three should be construed as asserting a common law fraud claim, the Court finds federal subject matter jurisdiction lacking. Absent any actionable federal claims, this Court declines to exercise supplemental jurisdiction over this remaining state law claim. Judicial economy dictates that there is no significant interest served by adjudicating this particular claim in federal court at this time. Accordingly, this claim is dismissed *without* prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

Based on the reasons set forth above, Defendant Michals' motion to dismiss [Docket Entry No. 44] is **granted**. Plaintiff's Fourth Amended Complaint is dismissed in its entirety. Counts One and Two of Plaintiff's Fourth Amended Complaint are dismissed *with* prejudice. Count Three is dismissed *without* prejudice. The Clerk's Office is hereby directed to close the Court's file in this matter.

An appropriate Order accompanies this Opinion.

                                                    s/ Jose L. Linares
                                                    Jose L. Linares

Date: August 23, 2013                    United States District Judge